UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**EDRA BLIXSETH,**

Debtor.

Case No. **09-60452-11**

## *MEMORANDUM OF DECISION*

At Butte in said District this 11th day of May, 2009.

After due notice a final hearing[1] was held at Butte on May 11, 2009, on the motion to modify stay filed by Archer Capital Fund, LP ("Archer") on April 1, 2009 (Docket No. 26), and Archer's motion to compel compliance with 11 U.S.C. § 327, filed on April 24, 2009 (Docket No. 74). The Debtor Edra Blixseth filed an objection and appeared and answered questions by cell phone from Palm Springs, California, represented by attorney Gary S. Deschenes ("Deschenes") who appeared by videoconference from Great Falls. Archer was represented by attorney Harold V. Dye ("Dye") who appeared by video from Missoula. No exhibits were admitted. After the parties' concluded their cases-in-chief the Court heard argument from counsel, then took the matters under advisement. After review of the record and applicable law, for the reasons set forth below the Debtor's objection is overruled and Archer's motion to modify stay will be granted by separate Order.

This Court has exclusive jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Archer's motion to modify stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G), and

---

[1] A preliminary hearing was held by telephone conference on April 15, 2009. The Court set the final hearing on Archer's motion to modify stay for May 5, 2009. The hearing was continued until May 11, 2009, because the Debtor could not appear on May 5.

1

Debtor's motion for contempt also is a core proceeding. This Memorandum of Decision includes the Court's findings of fact and conclusions of law for this contested proceeding.

## FACTS

The Debtor Edra Blixseth filed this Chapter 11 case on March 26, 2009. Archer filed its motion to modify stay on April 1, 2009. At paragraph 2(a) Archer's motion states that the present balance owing is $1,850,953.29. Paragraph 2(c) lists Archer's security consisting of four motor vehicles, to wit: A 2004 Rolls Royce, a 2006 Aston Martin, a 2007 BMW, and a 2004 Land Rover. At paragraph 2(d) Archer's motion states that it has a perfected security interest in the four vehicles. Paragraph 2(f) states the values of each vehicle and states the total value in the amount of $394,856.00. Archer's motion is based on 11 U.S.C. §§ 362(d)(1) for "cause" and (d)(2) contending that Debtor lacks an equity in the vehicles, that they cannot be regarded as necessary to Debtor's effective reorganization, and that Archer has no evidence that its security is insured. Archer's motion is accompanied by approximately 32 pages of financing and security agreements.

Debtor filed an objection (Docket No. 56) on April 13, 2009, comprised of three sentences not including the date line and signature. Debtor's objection states simply "that the vehicles in question are necessary for the effective reorganization of the Debtor's Plan." Debtor's objection did not state with particularity that the existence, validity or any other aspect of the note or security documents with Archer was at issue, and did not respond to Archer's concern that the Debtor did not have insurance on Archer's security.

Archer filed its motion to compel compliance by Debtor with § 327 on April 24, 2009, contending that the Debtor is trying to market the Rolls Royce and Aston Martin by consignment sale at auto dealerships in California, for which the Debtor has not applied for approval of

2

employment. Archer again raised the issue of the lack of insurance on its security in its motion to compel. The Debtor did not respond to Archer's motion to compel, but filed a notice on April 30, 2009, signed by Deschenes and stating that she obtained insurance on the Rolls Royce, Aston Martin and the BMW. At the hearing, however, in response to questioning the Debtor stated that she obtained only liability insurance, and not comprehensive collision coverage, on Archer's security. She stated that she purchased the minimum insurance coverage which she could afford given her cash situation. Accordingly, the record shows that Archer's security is not fully insured for loss or damage.

At the hearing the Debtor asserted, for the first time in response to Archer's motions, that she never received funding from Archer because the loan did not close. She stated that she does not need all four of the vehicles which are Archer's security, but that if its motion is granted then all the value would go to the benefit of one creditor, Archer, instead of all her creditors. She stated that in the current market the vehicles would not sell for their full value and would receive instead only fire sale value.

Debtor stated that the Land Rover is in the possession of a former manager, who she laid off. The BMW is in Seattle where the Debtor uses it when she is in Seattle. The Rolls Royce and Aston Martin are in Palm Springs where the Debtor uses them for transportation.

The Debtor stated that she owns, in addition to the four vehicles which comprise Archer's security, two Mercedes Benz vehicles. Her Schedule B lists the Mercedes as a 1993 Mercedes 500 SL in the Debtor's possession with a value of $11,000.00, and a 2000 Mercedes SL 500 in Debtor's possession with a value of $20,500. The Debtor stated that the two Mercedes are not part of Archer's security. She stated that the 1993 Mercedes has been driven by the Debtor's sister for the last seven years, and the 2000 Mercedes was being driven by the Debtor's former

3

assistant, who the Debtor laid off.

Debtor admitted that she earned $0 in income in 2008, and earned $0 in 2008. She admitted that when she filed her Chapter 11 petition she had no insurance on the vehicles which are Archer's security.

## DISCUSSION

Archer's motion is filed based upon 11 U.S.C. § 362(d)(1) and (2) and claims the Debtor is in default of the entire amount due, which is stated at paragraph 2(a) in the amount of $1,850,953.29. The Debtor's response did not contest that the Debtor is in default, and did not comply with the requirement of Montana Local Bankruptcy Rule ("Mont. LBR") 4001-1(b)(2) that "[i]f the existence, validity, or any other aspect of the notes or security documents is at issue, such objections must be stated with particularity." Because the Debtor did not comply with Mont. LBR 4001-1(b)(2), Archer understandably did not present evidence at the hearing in support of its debt instruments or security documents. Debtor's statements at the hearing that Archer never funded the loan and is not a creditor are disregarded by the Court because of her failure to comply with Mont. LBR 4001-1(b)(2). The Court finds that Archer satisfied its burden of showing that the Debtor is in default under § 362(d)(1). In addition, Archer satisfied its burden to show that the Debtor failed to maintain comprehensive insurance on Archer's security when the Debtor admitted that the four vehicles were not insured on the petition date, and that as of the hearing date they were not covered by comprehensive collision insurance.

Under 11 U.S.C. § 362(g), a creditor has the burden of proving that a debtor does not have equity in property, while the debtor has the burden of proof on all other issues to show that the stay should not be modified. *In re Mittlestadt*, 20 Mont. B.R. 46, 52 (Bankr. D. Mont. 2002); *In re Hungerford*, 19 Mont. B.R. 103, 133-34 (Bankr. D. Mont. 2001); *In re National*

4

*Environmental Waste* Corp., 191 B.R. 832, 836 (Bankr. C.D. Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997); *In re Syed*, 238 B.R. 126, 132 (Bankr. N.D. Ill. 1999); *In re Sauk Steel Co., Inc.*, 133 B.R. 431, 436 (Bankr.N.D.Ill.1991); 11 U.S.C. § 362(g)(2). Thus, the burden of proof is on the Debtor to show that Archer's motion to modify stay should not be granted.

> Under 11 U.S.C. § 362(a), "[a] bankruptcy filing imposes an automatic stay of all litigation against the debtor." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citing 11 U.S.C. § 362(a)), except in those cases specifically enumerated in § 362(b). The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives debtors a breathing spell from creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits debtors to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove them into bankruptcy. S.Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5840-41.

*In re Mittlestadt*, 20 Mont. B.R. at 51 (quoting *In re Westco Energy, Inc.*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000)).

Archer's motion to modify stay is necessarily based upon § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in *Westco*:

> Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances. The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause". What constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166. *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

*Westco*, 18 Mont. B.R. at 211-12.

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

Lack of adequate protection is one example of cause for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985); *In re Avila ("Avila")*, 311 B.R. 81, 83 (Bankr. N.D. Cal. 2004). An equity cushion may provide adequate protection even though not a single mortgage payment has been made. *Avila*, 311 B.R. at 83; *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir.1984). In *Avila* the court found the mortgagee was adequately protected by an equity cushion of 40%. 311 B.R. at 83. The court noted that "[w]here a creditor is adequately protected by a large equity cushion, the debtor would suffer a substantial loss in the event of foreclosure, and no economic harm to the creditor would result, relief from stay should not automatically follow a default in payment." *Avila*, 311 B.R. at 84; *see In re McCollum*, 76 B.R. 797, 799 (Bankr. D. Or.1987). In the instant case the evidence shows that Archer is not protected by any equity cushion, the present balance of $1,850,953.29 far exceeds the value stated of $394,856.00, and the four vehicles are not covered by adequate collision insurance naming Archer as loss payee. Therefore, under § 362(d)(2)(A) Archer has satisfied its burden of showing that the Debtor does not have equity in the four vehicles.

The burden under § 362(d)(2)(B) is on the Debtor to show that the property is necessary to an effective reorganization. The Debtor admitted that she had $0 income in 2008 and $0 in 2009. No plan of reorganization has yet been filed, but it appears from the Debtor's statements at

the hearing that she intends to reorganize by liquidating her assets and interests, and she opposes Archer's motion to modify stay because she contends that it would sell her vehicles at fire sale prices and lose the value of the luxury vehicles. In addition she uses the Rolls Royce and Aston Martin while in Palm Springs for her transportation, and uses the BMW while in Seattle for transportation.

The Court finds that the four vehicles which are Archer's security are not necessary for the Debtor's effective reorganization for the simple reason that she has other vehicles. The evidence shows that the Debtor owns two Mercedes Benz vehicles, including the later model which was being used by an assistant who no longer is employed by the Debtor. The Debtor thus has vehicles which she can use for transportation even if Archer is granted relief from the stay. If the Debtor needs transportation while in Seattle there are car rental companies available.

Since the Debtor failed to comply with Mont. LBR 4001-1(b)(2), the Court will not consider Debtor's allegations that Archer never closed on its loan and that she does not owe Archer. However, even with the relief granted herein the Debtor is not prevented from raising that objection in another forum. Granting relief from the automatic stay returns the parties to the legal position which they enjoyed prior to the imposition of the stay. *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D. Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993). Thus, while the Court has flexibility in determining whether to grant Archer's motion to modify stay, by granting the motion the Debtor retains whatever claims, defenses and remedies she may have against Archer in a nonbankruptcy forum, including her argument that she does not owe Archer because it failed to fund her loan.

The Court finds and concludes that the Debtor failed to satisfy her burden of proof to show that relief from the stay should not be granted, and the Court exercises its broad discretion

and grants Archer's motion to modify stay. *Mataya v. Kissinger*, 72 F.3d at 108-109. By granting Archer's motion to modify stay, the Court renders Archer's motion to compel the Debtor to comply with § 327 and obtain approval of employment of consignment sale dealers moot.

## CONCLUSIONS OF LAW

1. This Court has original and exclusive jurisdiction over this Chapter 11 bankruptcy case under 28 U.S.C. § 1334(a).

2. Archer's motion to modify stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. The Debtor failed to satisfied her burden of proof under 11 U.S.C. §§ 362(d)(1), (d)(2)(B) & (g)(2) to show that relief from the automatic stay should not be granted.

4. Archer satisfied its burden of proof under § 362(d)(2)(A) that the Debtor does not have equity in the four vehicles which comprise Archer's security.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above, (1) overruling the Debtor's objection (Docket No. 56) and granting Archer's motion to modify stay, filed April 1, 2009 (Docket No. 26); and (2) denying Archer's motion to compel compliance with 11 U.S.C. § 327 (Docket No. 74) filed on April 24, 2009, as moot.

DATED this 11th day of May, 2009.

BY THE COURT

*/s/ John L. Peterson*
HON. JOHN L. PETERSON
United States Bankruptcy Judge