UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**EDRA D BLIXSETH**,

Debtor.

Case No. **09-60452-7**

# MEMORANDUM of DECISION

At Butte in said District this 16th day of August, 2010.

In this Chapter 7 bankruptcy, after due notice, a hearing was held August 10, 2010, in Butte on the Chapter 7 Trustee's Motion to Enforce the Automatic Stay Against Western Capital Partners filed August 4, 2010, at docket entry no. 769, together with Western Capital Partners, LLC's objection thereto filed August 10, 2010. The Chapter 7 Trustee, Richard J. Samson of Missoula, Montana, appeared at the hearing personally and with counsel, Bradley R. Duncan and Hugh R. McCullough of Seattle, Washington. Western Capital Partners, LLC ("WCP") was represented at the hearing by Robert W. Hatch, II of Denver, Colorado. The Court heard argument of counsel and WCP's Exhibit 1 through 9 and the Trustee's Exhibits 1 through 5 were admitted into evidence without objection. No witness testimony was offered by either party.

## BACKGROUND

Debtor commenced this case on March 26, 2009, by filing a voluntary Chapter 11 bankruptcy petition. Debtor filed her schedules on April 29, 2009. Debtor's List of Creditors

Holding 20 Largest Unsecured Claims lists WCP as having a claim of $13,298,628.13 secured by collateral having a value of $2 million, leaving $11,298,628.13 of WCP's claim unsecured. On Schedule B under line 21[1], Debtor identifies a claim against WCP having an unknown value. Debtor also lists WCP as a secured creditor on Schedule D, having a claim of $13,298,628.13. The value of collateral securing such claim is listed as $2 million, with the balance of the claim in the amount of $11,298,628.13 disclosed as unsecured. According to Debtor's Schedule D, the secured obligation stems from a mortgage and security agreement dated June 15, 2007, which encumbers "all personal property owed [sic] by Debtor, family compound at Yellowstone Mountain Club[.]" WCP is listed on Debtor's Schedule H as a creditor of Blue Sky Development, LLC, GoBuild, Inc., Matthew R. Crocker, Monarch GoBuild Construction, and Montana Specs, LLC. Finally, on her Statement of Financial Affairs, Debtor discloses in response to Question 4 that WCP had a foreclosure action pending against Debtor in California and a collection action pending in Colorado.

Debtor's Chapter 11 case was converted to Chapter 7 of the Bankruptcy Code on May 29, 2009. Debtor's Chapter 7 § 341 meeting of creditors was scheduled for June 30, 2009. The Trustee has not yet concluded Debtor's § 341 meeting of creditors. On June 12, 2009, Debtor amended her Schedules to, among other things, reflect that bank account funds were seized by WCP and not the Internal Revenue Service and to correct that Debtor's closed Wells Fargo account was levied by WCP, not the Internal Revenue Service, in the amount of $45,200.63. No other changes were made to Debtor's schedules that impacted WCP. Debtor lists the total value

---

[1] Line 21 asks for "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each."

of all her personal property on Schedule B as $69,216,315.00.

During the pendency of this case, WCP filed Motions to Modify Stay on May 21, 2009 (dkt no. 107), May 26, 2009 (dkt no. 168), June 30, 2009 (dkt no. 311), August 24, 2009 (dkt no. 443), and October 13, 2009 (dkt no. 520).

WCP's Motion filed May 26, 2009, at docket entry no. 168 was resolved by a stipulation between Debtor and WCP filed June 17, 2009, at docket entry no. 255, wherein the automatic stay was modified to permit WCP to prosecute its Motion and thereby advance its judgment enforcement efforts as to the Debtor's Wells Fargo deposit account that WCP had levied upon in connection with the Judgment it obtained against the Debtor in Case No. 2008-cv-02707-CMA-KMT in the United States District Court for the District of Colorado. WCP withdrew its June 30, 2009 (dkt no. 311) Motion to Modify Stay on November 6, 2009 (dkt no. 539).

Per Order entered October 6, 2009, the Court granted WCP's May 21, 2009, and August 24, 2009, motions to modify stay, permitting WCP to pursue its nonbankruptcy remedies with respect to Debtor's stock in BLX Group, Inc., and Debtor's jewelry. On October 26, 2009, the Court entered an Order granting WCP's October 13, 2009, Motion to Modify Stay, authorizing WCP to pursue its nonbankruptcy remedies as to:

> UNIT 2304, ONE LINCOLN TOWER, A CONDOMINIUM, ACCORDING TO THE DECLARATION THEREOF RECORDED UNDER KING COUNTY RECORDING NO. 20051215002387, AND ANY AMENDMENTS THERETO, AND IN VOLUME 211 OF CONDOMINIUMS, PAGE 70 THROUGH 98, INCLUSIVE, RECORDS OF KING COUNTY, WASHINGTON.

WCP also entered into a Stipulation to Modify Stay with the Trustee, which stipulation was filed January 25, 2010 (dkt no. 599). Pursuant to the Stipulation, WCP was permitted to name the Trustee or other proper intervenor in Adversary Proceeding No. 10-00007.

Unrelated to the above motions to modify stay, WCP conducted a sale on March 22, 2010, and sold Debtor's interest in Blixseth Family Investments LLC, Monarch Design LL and Debtor's accounts receivable and contract rights as to Michael Sandoval, Xpatterns LL and Atigeo LLC to itself for $250,000. Debtor listed the value of such assets as $23 million in her schedules.

WCP filed another "Notice of UCC Public Sale" on July 22, 2010, seeking to sell Debtor's contract rights and claims arising out of an Agreement to Form, Debtor's Marital Settlement Agreement, a side letter between Debtor and CIP Yellowstone Lending LLC and a $35 million loan transaction between Debtor and CIP Lending LLC. The sale was scheduled for August 11, 2010, but WCP agreed to continue the sale to at least August 24, 2010.

## APPLICABLE LAW

The operative provision at issue is 11 U.S.C. § 362(h), which reads:

(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--

> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the

> reaffirmation on such terms.
>
> (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

The deadline implicated in § 362(h) is set forth in 11 U.S.C. § 521(a)(2):

> [I]f an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate--
>
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property[.]

## DISCUSSION

Both the Trustee and WCP discussed the impact of Debtor's conversion from Chapter 11 to 7 on the application of § 362(h). Subsection 521(a)(2) plainly applies only in the context of Chapter 7 and thus, § 362(h) was not triggered until Debtor's case was converted to Chapter 7 on May 29, 2009.

In the context of Debtor's Chapter 7 bankruptcy, the parties do not dispute that the deadlines discussed § 521(a)(2) have expired and Debtor has not filed a statement of intention. In addition, the Trustee has not previously sought any determination by this Court that Debtor's personal property is of consequential value or benefit to the estate nor has the Trustee offered WCP any type of adequate protection.

The language of 362(h) is not ambiguous. Stay relief takes place by operation of law on the terms and conditions specified in 11 U.S.C. § 362(h). However, the Trustee maintains that the automatic stay should be enforced against WCP because § "362(h) is driven by (and reactive to) the Schedules filed by" Debtor. More to the point, the Trustee argues that § 362(h) does not apply to property that is not scheduled, but rather, only applies to property that is identified by Debtor as securing WCP's obligation, which in this case is the $2 million of personal property located at the Family Compound at Yellowstone Mountain Club. WCP counters that § 362(h) applies to any property of the estate, whether or not such property is listed in Debtor's schedules. WCP argues that the Trustee's interpretation of § 362(h) leads to absurd results that frustrate the very nature of § 362(h). WCP maintains that if a debtor fails to take action within a prescribed time, the automatic stay is terminated.

After carefully reviewing the applicable law, the Court finds that the automatic stay has terminated by operation of law. Section 362(h)(1) of the Bankruptcy Code states that "[i]n a case in which the debtor is an individual, the stay . . . is terminated with respect to personal property of the estate or of the debtor[.]" Section 541(a) of the Bankruptcy Code defines "[p]roperty of the estate" to include "all the following property, wherever located and by whomever held:"

> (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case. (emphasis added).

In discussing the broad definition of "property of the estate", this Court wrote:

> Section 541(a)(1) of the Bankruptcy Code is intended to include in the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Campbell (Balyeat Law Offices v. Campbell)*, 14 Mont. B.R. 132, 140-41 (9th Cir. BAP 1995). In *Campbell* the BAP wrote:
>
> > The legislative history indicates that the scope of § 541(a)(1) is

6

> broad. *See United States v. Whiting Pools, Inc.*, 468 U.S. 198, 205 (1983). Section 541(a)(1) is intended to include in the estate any property made available to the estate by any other provisions of the Bankruptcy Code. *Id.* (*citing* H.R. Rep. No. 95-595, p. 367 (1977)). Several provisions in the Code permit the trustee to recover property in which the debtor did not have a possessory interest when the bankruptcy petition was filed. *See, e.g.,* 11 U.S.C. §§ 543, 544, 547 & 548; *Whiting Pools,* 462 U.S. at 205. Thus, "[a]n estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

*In re Weatherwax*, 16 Mont. BR 304, 308-09 (Bankr. D. Mont. 1997).

  WCP correctly argues that the Trustee's urged interpretation of § 362(h) asks this Court to re-interpret the well accepted meaning of "property of the estate" and modify it to include only those items of property listed in a debtor's schedules. The Court simply cannot accept the Trustee's urged interpretation of § 362(h). This Court must assume that Congress meant what it said when it included "property of the estate" in § 362(h).

  Accordingly, provided WCP has a valid security interest in Debtor's various items of personal property that it seeks to sell, the Court concludes that the stay in this case terminated as a matter of law.[2] Moreover, the Trustee has failed to present any legal theory that would permit this Court to reinstate the automatic stay. *See In re Norton*, 347 B.R. 291, 300 (Bankr. E.D.Tenn. 2006). At this late date in the case, the Trustee's only option is to monitor WCP's actions carefully to ensure that each of WCP's sales of Debtor's property are conducted in a commercially reasonable manner.

---

[2] Whether WCP has a valid security interest in property of the estate is outside the scope of the motion presently before the Court.

For the reasons discussed above, the Court will enter a separate order providing:

IT IS ORDERED that the Chapter 7 Trustee's Motion to Enforce the Automatic Stay Against Western Capital Partners filed August 4, 2010, at docket entry no. 769, is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana