UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**EDRA D BLIXSETH**,

Debtor.

Case No. **09-60452-7**

# MEMORANDUM of DECISION

At Butte in said District this 11th day of July, 2012.

In this Chapter 7 bankruptcy, after due notice, a hearing was held June 1, 2012, in Butte on approval of the Application for Professional Fees and Costs filed by Western Capital Partners, LLC on March 7, 2012, together with the Trustee's objection thereto filed March 21, 2012. Bradley R. Duncan of Seattle, Washington appeared at the hearing on behalf of the Chapter 7 Trustee; Robert W. Hatch II and Joseph J. Novak of Denver, Colorado appeared at the hearing on behalf of Western Capital Partners, LLC. Robert W. Hatch II, Jeffrey D. Adams, and Richard J. Samson, the Chapter 7 Trustee in the above-captioned bankruptcy case, testified. Western Capital Partners, LLC's Exhibit A and the Trustee's Exhibits A, B and C were admitted into evidence. At the conclusion of the hearing, the Court granted Western Capital Partners, LLC, fifteen (15) days to file an amended billing statement curing the lumping issues that existed in the billing statement attached to Western Capital Partners, LLC's Application. Western Capital Partners, LLC filed an amended billing statement on June 15, 2012.

The Application for Professional Fees and Costs filed by Western Capital Partners, LLC

1

on March 7, 2012, is ripe for decision.  This Memorandum of Decision includes the Court's findings of fact and conclusions of law.

## FACTS

Debtor filed a voluntary chapter 11 bankruptcy petition on March 26, 2009.  The case was subsequently converted to Chapter 7 of the Bankruptcy Code on May 29, 2009, and Richard J. Samson was appointed Trustee.

On December 18, 2009, the Trustee filed a motion to sell property described as the Family Compound to CIP Yellowstone Lending, LLC ("CIP").  Marc S. Kirschner, as Trustee of the Yellowstone Club Liquidating Trust; Western Capital Partners, LLC; and Greg LeMond, David and Sacia Morris and Sacia Enterprises, Inc. opposed the Trustee's motion to sell.  The facts surrounding the proposed sale are set forth in the Court's Memorandum of Decision entered February 23, 2010, at docket entry no. 636, and will not be repeated here, other than to note that Western Capital Partners, LLC opposed the Trustee's motion arguing CIP was surreptitiously attempting to obtain judicial approval of CIP's $35 million loan to Debtor, even though the validity of such loan was the subject of dispute before this Court.  In addition, because the Trustee was agreeing to waive any claims Debtor's estate may have against CIP, Western Capital Partners sought, by way of its Amended Objection, authority to pursue a Uniform Fraudulent Transfer Act against CIP relative to the $35 million loan.  As set forth in the February 23, 2010, Memorandum of Decision and associated Order, the Court denied the Trustee's motion to sell, without prejudice, and granted Western Capital Partners, LLC leave to "continue its review and investigation of Debtor's Uniform Fraudulent Transfer Act claim against CIP and may seek to maximize the value of such claim for the benefit of the bankruptcy estate, its creditors, and other

2

parties in interest, by pursuing such claim(s), including filing and prosecuting appropriate litigation against CIP and it affiliates, on behalf of this bankruptcy estate."

On March 9, 2010, the Trustee filed a limited request for reconsideration of the February 23, 2010, Memorandum of Decision and Order, seeking reconsideration of that provision of the February 23, 2010, decision which granted Western Capital Partners, LLC leave to pursue its action under the Uniform Fraudulent Transfer Act against CIP. Western Capital Partners, LLC filed a response to the Trustee's limited request for reconsideration on March 22, 2010, and filed an amended response on March 24, 2010, noticing the matter both times for a hearing on May 11, 2010. The Court notes that Butte hearings were also scheduled for April 6, 2010, but Western Capital Partners, LLC did not request an expedited hearing.

The Court granted the Trustee's request for reconsideration at the May 11, 2010, hearing. The Court memorialized its May 11, 2010, ruling in an Order entered May 17, 2010, wherein the Court wrote:

> [T]he Court cannot ignore the Trustee's argument that Western Capital has other disputes with CrossHarbor that may create a conflict of interest that precludes Western Capital from pursuing the action referenced in paragraph 5 of the Court's prior Order in a manner that is beneficial to the bankruptcy estate. For that reason, the Court finds that paragraph 5 of its prior ruling may cause manifest injustice to Debtor's estate. Consequently, the Court hereby deletes paragraph 5 from the February 23, 2010, Order. However, such ruling is without prejudice and if it appears that the Trustee is not pursuing a potential claim against CrossHarbor, the Court will entertain a request by Western Capital at a later date to allow Western Capital to once again pursue such claim on behalf of Debtor's bankruptcy estate.

In that same Order, the Court denied as moot Western Capital Partners, LLC's motion for approval of compensation filed April 8, 2010, at docket entry no. 682.

During the May 11, 2010, hearing, the following exchange took place between Mr. Hatch

and the undersigned:

> MR. HATCH: I just wanted to raise one point, Judge, and maybe I can do it by way of motion. Western Capital, in reliance on the Court's order, has undertaken significant effort --
>
> THE COURT: Oh, thank you for bringing that up because I did mean to cover that.  To the extent there's moneys in the estate for distribution, I would direct that Mr. Hatch file an administrative claim based upon his pursuing the activity he did in light of my prior order and that be an administrative priority expense claim.

In response to the Court's above statement, Western Capital Partners, LLC filed the pending Application seeking an award of fees in the amount of $22,444.00[1] and costs in the amount of $1,313.23 for services performed and costs incurred between January 8, 2010, and May 27, 2010. The Trustee opposes approve of Western Capital Partners' Application arguing, in part, that Western Capital Partners' efforts did not benefit the estate and that Western Capital Partners undertook the majority of its efforts after the Trustee filed the request for reconsideration.  In support of such assertion, the Trustee testified at the June 1, 2012, hearing that Western Capital Partners' complaint against CrossHarbor Capital Partners, LLC and CIP Yellowstone Lending, LLC included four claims; three involving avoidance actions and the fourth seeking punitive damages.  In early 2011, the Trustee resolved any potential claims the Estate might have had against CrossHarbor Capital Partners, LLC and CIP Yellowstone Lending, LLC.  The Trustee testified he did not think CrossHarbor was "threatened" by the claims asserted by Western Capital Partners.  Rather, the Trustee believed a potential breach of fiduciary duty claim and an equitable subordination claim were the impetus for the eventual settlement.

---

[1] Western Capital Partners originally requested $27,291.00 in fees, but reduced the requested amount to $22,444.00 in its amended billing statement.

APPLICABLE LAW and DISCUSSION

This Court has an independent obligation to review every application to evaluate the propriety of the compensation requested. *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3rd Cir. 1994); *In re Wildman*, 72 B.R. 700, 701 (Bankr. N.D. Ill. 1987). In *Busy Beaver*, the court explained:

> [T]he integrity of the bankruptcy system ... is at stake in the issue of a bankruptcy judge's performance of the duty to review fee applications *sua sponte*. The public expects, and has a right to expect, that an order of a court is a judge's certification that the result is proper and justified under the law.... Nothing better serves to allay [public perceptions that high professional fees unduly drive up bankruptcy costs] than the recognition that a bankruptcy judge, before a fee application is approved, is obliged to [review it carefully] and find it personally acceptable, irrespective of the (always welcomed) observation of the [United States trustee] or other interested parties.

*Busy Beaver*, 19 F.3d at 841 (*quoting In re Evans*, 153 B.R. 960, 968 (Bankr. E.D.Pa 1993)). Thus, this Court has an independent obligation to review applications for fees and costs to ensure applicants provide an adequate summary of work performed and costs incurred.

Extensive case law has developed regarding the amount and type of information that applicants must include in their fee applications. The case of *In re WRB-West Associates*, 9 Mont. B.R. 17, 18-20 (Bankr. D. Mont. 1990) summarizes thus:

> Pursuant to 11 U.S.C. §§ 327-330 and Bankruptcy Rules 2016 and 2017, this Court has an independent judicial responsibility to evaluate fees requested from the estate. *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831 (Bankr. Vt. 1987); *In re Seneca Oil Co.*, 65 B.R. 902 (Bankr. W.D. Okla. 1986); *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr. Colo. 1987). The burden of proof to show entitlement to all fees requested from the estate is on the applicant. *In re Lindberg Products, Inc.*, 50 B.R. 220, 221 (Bankr. N.D. Ill. 1985). This burden is not to be taken lightly, especially given the fact that every dollar expended on fees results in a dollar less for distribution to creditors of the estate. *In re Yankton College*, 101 B.R. 151, 158 (Bankr. S.D. 1989); *In re Pettibone Corp.*, 74 B.R. 293, 305 (Bankr. N.D. Ill. 1987). All expenses and fees must be shown as both actual and

necessary under § [330(a)(3)] of the Code. *S.T.N.*, 70 B.R. at 834; *Yankton College*, 101 B.R. at 158; *Seneca Oil*, 65 B.R. at 912. Moreover, *In re Convent Guardian Corp.*, 103 B.R. 937, 939-940 (Bankr. N.D. Ill. 1989) holds:

> Bankruptcy Rule 2016 provides that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." (emphasis added) The Application should contain a detailed list of expenses including the date, the type and the amount. Expenses must be actual not estimates. *In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987); *In re Marsh*, 14 B.R. 615, 617 (Bankr. E.D. Va. 1981). An expense is necessary if it is incurred because it was reasonably needed to accomplish the proper representation of the client. *Wildman*, 72 B.R. at 731.

The above excerpt demonstrates that this Court is obligated to review each request for fees and costs to determine whether applicants have provided:

1. a description of the services provided, setting forth, at a minimum, the parties involved and the nature and purpose of each task;
2. the date each service was provided;
3. the amount of time spent performing each task; and
4. the amount of fees requested for performing each task.

On June 15, 2012, Western Capital Partners filed an amended billings statement which sets forth a description of the services provided, the dates such services were provided, and the amount of time spent, and the total fees requested for such services. The Court would note that $4,259.00 of the requested fees and $1,063.23 of the requested costs were incurred prior to this Court's February 23, 2010, Memorandum of Decision, $4,153.00 of the requested fees were incurred between February 23, 2010, and the date the Trustee filed his request for reconsideration, $13,338.50 of the requested fees were incurred after the Trustee filed the request for reconsideration on March 9, 2010, and this Court's oral ruling granting the Trustee's request

6

made May 11, 2010, and $693.50 of the requested fees were incurred after May 11, 2010. Of the fees incurred after the Trustee filed his request for reconsideration, $2,286.50 was for time spent analyzing and responding to the Trustee's request for reconsideration and another $582.00 relates to Western Capital Partners' motion for approval of compensation filed April 8, 2010, which motion was denied by this Court at the May 11, 2012, hearing and in an Order entered May 17, 2010.

The Court first finds that the fees and costs incurred by Western Capital Partners prior to February 23, 2010 (fees of $4,259.00 and costs of $1,063.23), and after May 11, 2010 (fees of 693.50), are not compensable. Additionally, the fees requested for analyzing and responding to the Trustee's request for reconsideration ($2,231.50)[2] and for seeking approval of compensation in the motion filed April 8, 2010 ($582.00), are not reasonable, did not benefit the bankruptcy estate and are thus, not compensable. This leaves for further consideration fees of $14,678.00 and a cost of $250.00.

The remaining cost of $250.00 is the filing fee Western Capital Partners paid to commence Adversary Proceeding 10-00026. That cost is actual, necessary and reasonable. The requested cost of $250.00 is, therefore, approved. Furthermore, the Court finds the legal fees incurred by Western Capital Partners from February 23, 2010, to March 9, 2010, in the amount of $4,153.00 are reasonable. Fees in the amount of $4,153.00 are thus approved.

The remaining fees of $10,525.00 are more problematic. The aforementioned legal fees were incurred pursuing claims that, according to the Trustee, never had a meaningful impact on

---

[2] $55.00 of the fees incurred after May 11, 2010, were previously denied because they relate to Western Capital Partners' opposition to the Trustee's request for reconsideration.

7

the eventual settlement reached with CrossHarbor Capital Partners, LLC and CIP Yellowstone Lending, LLC and to which the Trustee ascribed no value.

Even though the legal fees incurred by Western Capital Partners on March 9, 2010, and thereafter did not ultimately benefit the estate, the Court is nevertheless mindful that an "applicant must demonstrate only that the services were 'reasonably likely' to benefit the estate at the time the services were rendered." *Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Company*, (*In re Mednet*), 251 B.R. 103, 108 (9th Cir. BAP 2000).  However, such fees were incurred by Western Capital Partners as it forged ahead with its efforts to pursue CrossHarbor Capital Partners, LLC and CIP Yellowstone Lending, LLC, even though Western Capital Partners was aware the Trustee was seeking to retake control of such efforts.  Moreover, rather than requesting leave to set the hearing on the Trustee's request for reconsideration in April, Western Capital Partners set the matter for hearing on May 11, 2010, and continued incurring substantial legal bills during the interim.  Western Capital Partners, by its own actions, voluntarily assumed the risk that some, if not all of its fees and costs might not be approved by this Court.

For the reasons discussed, the Court denies the remaining fees of $10,525.00.  In sum, the Court approves, as an administrative expense of the bankruptcy estate, $250.00 of Western Capital Partners' costs and $4,153.00 of its fees.  The remaining fees and costs are denied.

In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED the Application for Professional Fees and Costs filed by Western Capital Partners, LLC on March 7, 2012, is approved in part and denied in part; and Western

Capital Partners, LLC is awarded reasonable attorney's fees in the amount of $4,153.00 and reimbursement for costs in the sum of $250.00 for a total award of $4,403.00, which amount shall be treated as an administrative expense of the bankruptcy estate, payable pro rata with payments to other administrative claimants.

IT IS FURTHER ORDERED that the foregoing sum of $4,403.00 is subject to a right of set-off for amounts Western Capital Partners may owe the bankruptcy estate, including on account of any remedy imposed in Adversary Proceeding No. 10-94.

BY THE COURT

_____
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana