## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

In re

**EDRA D BLIXSETH**,

     Debtor.

Case No.  **09-60452-7**

## MEMORANDUM of DECISION

At Butte in said District this 10th day of July, 2014.

In this Chapter 7 bankruptcy, after due notice, a hearing was held July 8, 2014, in Butte on the Trustee's Motion to Approve Disbursement of Funds filed May 15, 2014, at docket no. 1235, together with the Objection thereto filed by Western Capital Partners, LLC on May 29, 2014, at docket no. 1236.  On July 8, 2014, the Trustee filed a Notice to the Court to correct a mathematical/clerical error, proposing to distribute funds as follows:

| | | |
|---|---|---:|
| • Edra D. Blixseth (81.63%) | $ | 15,481.53 |
| • Yellowstone Mountain Club, LLC (11.73%) | $ | 2,224.65 |
| • Yellow Sign, Inc. (3.06%) | $ | 580.35 |
| • Prim1988 Revocable Trust (1.53%) | $ | 290.17 |
| • CB Sunrise Capital, LLC (1.02%) | $ | 193.45 |
| • Rogers Investment Partners, LP (.515%) | $ | 97.67 |
| • MJD Partners, L.P. (.515%) | $ | <u>97.67</u> |
| Total | $ | 18,965.49 |

1

At the hearing, the Court heard oral argument from David B. Cotner of Missoula, Montana, who appeared on behalf of the Trustee, and Joseph J. Novak of Denver, Colorado, who appeared on behalf of Western Capital Partners, LLC.  No witness testimony or exhibits were offered.

BACKGROUND

Debtor filed a voluntary Chapter 11 bankruptcy petition on March 26, 2009, and filed her schedules on April 29, 2009.  Debtor's List of Creditors Holding 20 Largest Unsecured Claims lists Western Capital Partners, LLC as having a claim of $13,298,628.13 secured by collateral having a value of $2 million, leaving $11,298,628.13 of Western Capital Partners, LLC's claim unsecured.  On Schedule B under line 21, Debtor identifies a claim against Western Capital Partners, LLC as having an unknown value.  Debtor's Schedule B also lists Debtor's interest in various entities, including Sunrise Ridge at Yellowstone Club, LLC with an unknown value.

Debtor lists Western Capital Partners, LLC as a secured creditor on Schedule D, having a claim of $13,298,628.13.  The value of collateral securing such claim is listed as $2 million, with the balance of the claim in the amount of $11,298,628.13 disclosed as unsecured.  According to Debtor's Schedule D, the secured obligation stems from a mortgage and security agreement dated June 15, 2007, which encumbers "all personal property owed [sic] by Debtor, family compound at Yellowstone Mountain Club[.]"  Western Capital Partners, LLC is listed on Debtor's Schedule H as a creditor of Blue Sky Development, LLC, GoBuild, Inc., Matthew R. Crocker, Monarch GoBuild Construction, and Montana Specs, LLC.  Finally, on her Statement of Financial Affairs, Debtor discloses in response to Question 4 that Western Capital Partners, LLC had, on Debtor's petition date, a foreclosure action pending against Debtor in California and a collection action

2

pending in Colorado.

Debtor's Chapter 11 case was converted to Chapter 7 of the Bankruptcy Code on May 29, 2009, and Richard Samson ("Samson") was appointed to serve as the Chapter 7 Trustee on that same date.  Debtor amended her schedules on June 12, 2009, to properly disclose, among other things, that bank account funds were seized by Western Capital Partners, LLC and not the Internal Revenue Service and to correct that Debtor's closed Wells Fargo account was levied by Western Capital Partners, LLC, not the Internal Revenue Service, in the amount of $45,200.63. No other changes were made to Debtor's schedules that impacted Western Capital Partners, LLC. Debtor lists the total value of all her personal property on Schedule B as $69,216,315.00.

Western Capital Partners, LLC filed Proof of Claim No. 60 on August 7, 2009, asserting a secured claim of $13,965,144.17.  Western Capital Partners, LLC's claim is based upon a default judgment it secured against Debtor and her son, Matthew Crocker ("Crocker') on January 23, 2009, in the United States District Court for the District of Colorado.  The Colorado default judgment, in turn, was based upon a $13,065,000.00 loan Western Capital Partners, LLC made on June 15, 2007, to entities owned or controlled by Crocker,[1] and Debtor's personal guarantee of that loan.[2]

During the pendency of this case, Western Capital Partners, LLC filed Motions to Modify Stay on May 21, 2009 (docket no. 107), May 26, 2009 (docket no. 168), June 30, 2009 (docket

---

[1]  The borrowers are listed as Montana Specs, LLC, Monarch GoBuild Construction, LLC, Gobuild, Inc., and Blue Sky Development, LLC.

[2]  Crocker filed a voluntary Chapter 7 bankruptcy petition on February 13, 2009.

no. 311), August 24, 2009 (docket no. 443), and October 13, 2009 (docket no. 520).[3]  Unrelated to the above motions to modify stay, Western Capital Partners, LLC conducted a sale on March 22, 2010, and sold Debtor's interest in Blixseth Family Investments LLC, Monarch Design LLC and Debtor's accounts receivable and contract rights as to Michael Sandoval, Xpatterns LLC and Atigeo LLC to itself for $250,000.  Debtor listed the value of such assets as $23 million in her schedules.

Western Capital Partners, LLC filed another "Notice of UCC Public Sale" on July 22, 2010, seeking to sell Debtor's contract rights and claims arising out of an Agreement to Form, Debtor's Marital Settlement Agreement, a side letter between Debtor and CIP Yellowstone Lending LLC and a $35 million loan transaction between Debtor and CIP Lending LLC.  The sale was scheduled for August 11, 2010, but Western Capital Partners, LLC agreed to continue

---

[3]  Western Capital Partners, LLC's Motion filed May 26, 2009, at docket entry no. 168 was resolved by a stipulation between Debtor and Western Capital Partners, LLC filed June 17, 2009, at docket entry no. 255, wherein the automatic stay was modified to permit Western Capital Partners, LLC to prosecute its Motion and thereby advance its judgment enforcement efforts as to the Debtor's Wells Fargo deposit account that Western Capital Partners, LLC had levied upon in connection with the Judgment it obtained against the Debtor in Case No. 2008-cv-02707- CMA-KMT in the United States District Court for the District of Colorado. Western Capital Partners, LLC withdrew its June 30, 2009 (docket no. 311) Motion to Modify Stay on November 6, 2009 (docket no. 539).

Per an Order entered October 6, 2009, the Court granted Western Capital Partners, LLC's May 21, 2009, and August 24, 2009, motions to modify stay, permitting Western Capital Partners, LLC to pursue its nonbankruptcy remedies with respect to Debtor's stock in BLX Group, Inc., and Debtor's jewelry.  On October 26, 2009, the Court entered an Order granting Western Capital Partners, LLC's October 13, 2009, Motion to Modify Stay, authorizing Western Capital Partners, LLC to pursue its nonbankruptcy remedies as to a condominium in the State of Washington.  Western Capital Partners, LLC also entered into a Stipulation to Modify Stay with the Trustee, which stipulation was filed January 25, 2010 (docket no. 599).  Pursuant to the Stipulation, Western Capital Partners, LLC was permitted to name the Trustee or other proper intervenor in Adversary Proceeding No. 10-00007.

the sale to at least August 24, 2010. Samson, in response to the Western Capital Partners, LLC's notice, filed on August 4, 2010, a motion to enforce the automatic stay against Western Capital Partners, LLC.

Following a hearing held August 10, 2010, the Court entered a Memorandum of Decision and Order on August 16, 2010, at docket nos. 785 and 786, denying Samson's request to enforce the automatic stay against Western Capital Partners, LLC. After reviewing 11 U.S.C. § 521(a)(2) and 11 U.S.C. § 362(h), the Court concluded that the automatic stay terminated by operation of law, reasoning:

> Section 362(h)(1) of the Bankruptcy Code states that "[i]n a case in which the debtor is an individual, the stay . . . is terminated with respect to personal property of the estate or of the debtor[.]" Section 541(a) of the Bankruptcy Code defines "[p]roperty of the estate" to include "all the following property, wherever located and by whomever held:"
>
>> (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case. (emphasis added).
>
> In discussing the broad definition of "property of the estate", this Court wrote:
>
>> Section 541(a)(1) of the Bankruptcy Code is intended to include in the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Campbell (Balyeat Law Offices v. Campbell)*, 14 Mont. B.R. 132, 140-41 (9th Cir. BAP 1995). In *Campbell* the BAP wrote:
>>
>>> The legislative history indicates that the scope of § 541(a)(1) is broad. *See United States v. Whiting Pools, Inc.*, 468 U.S. 198, 205 (1983). Section 541(a)(1) is intended to include in the estate any property made available to the estate by any other provisions of the Bankruptcy Code. *Id.* (*citing* H.R. Rep. No. 95-595, p. 367 (1977)). Several provisions in the Code permit the trustee to recover property in which the debtor did not have a possessory interest when the bankruptcy petition was filed. *See, e.g.,* 11 U.S.C. §§ 543, 544, 547 & 548; *Whiting Pools,* 462 U.S. at 205. Thus, "[a]n estate in bankruptcy consists of all the interests in

> property, legal and equitable, possessed by the debtor at the time of
> filing, as well as those interests recovered or recoverable through
> transfer and lien avoidance provisions." *Owen v. Owen*, 500 U.S.
> 305, 308 (1991).

*In re Weatherwax*, 16 Mont. BR 304, 308-09 (Bankr. D. Mont. 1997).

> Western Capital Partners, LLC correctly argues that the Trustee's urged
> interpretation of § 362(h) asks this Court to re-interpret the well accepted meaning
> of "property of the estate" and modify it to include only those items of property
> listed in a debtor's schedules. The Court simply cannot accept the Trustee's urged
> interpretation of § 362(h). This Court must assume that Congress meant what it
> said when it included "property of the estate" in § 362(h).

> Accordingly, provided Western Capital Partners, LLC has a valid security
> interest in Debtor's various items of personal property that it seeks to sell, the
> Court concludes that the stay in this case terminated as a matter of law.
> Moreover, the Trustee has failed to present any legal theory that would permit this
> Court to reinstate the automatic stay. *See In re Norton*, 347 B.R. 291, 300 (Bankr.
> E.D.Tenn. 2006). At this late date in the case, the Trustee's only option is to
> monitor Western Capital Partners, LLC's actions carefully to ensure that each of
> Western Capital Partners, LLC's sales of Debtor's property are conducted in a
> commercially reasonable manner.

(Footnote omitted). That decision was affirmed by the United States Bankruptcy Appellate Panel

of the Ninth Circuit, 454 B.R. 92 (9th Cir. BAP 2011), and the Ninth Circuit Court of Appeals,

684 F.3d 865 (9th Cir. 2012).

In the interim, Samson filed on August 7, 2009, an objection to Western Capital Partners,

LLC's proof of claim and thereafter, on October 21, 2010, Samson commenced Adversary

Proceeding No. 10-94. Following a four day trial in June of 2012, the Court entered on March

18, 2013, an order sustaining in part the Trustee's objection to Western Capital Partners, LLC's

proof of claim, and allowing Western Capital Partners, LLC's claim as a $6,746,105.08 general

unsecured claim, rather than a $13,965,144.17 secured claim. The Court also entered judgment

in favor of the Trustee and against Western Capital Partners, LLC, setting aside Debtor's

guarantee of the Western Capital Partners, LLC loan to Crocker. In setting aside Debtor's guarantee, the Court found, under 11 U.S.C. § 548, that Debtor was insolvent at all times between June 15, 2007, when she signed the personal guarantee for Crocker, and March 26, 2009, when she filed her bankruptcy petition. The Court also found that on June 15, 2007, Debtor's liabilities exceeded her assets by at least $80 million and that Debtor did not receive reasonably equivalent value for her guarantee of her son's loan with Western Capital Partners, LLC. Because Western Capital Partners, LLC had already disposed of various assets, on which the Court determined Western Capital Partners, LLC had no security interest, the Court awarded Samson the sum of $4,013,410.99, and directed Western Capital Partners, LLC to return to Debtor's bankruptcy estate all of the "[p]roperty transferred on August 24, 2010, including Edra's interests in BLX Group, Inc., Blixseth Family Investments, LLC, Monarch Designs, LLC, and various contract claims." The only contract claims Western Capital Partners, LLC did not have to return to Samson were the CrossHarbor Capital Partner's claims because the Court awarded Samson monetary damages for such claims. The Court also entered judgment in favor of the Trustee and against Western Capital Partners, LLC pursuant to 11 U.S.C. § 547, finding that the money Western Capital Partners, LLC garnished from Debtor's bank account on February 12, 2009, was an avoidable preference. Finally, the Court awarded the Trustee $356,609.69 on his usury claim against Western Capital Partners, LLC. The Court also rejected Western Capital Partners, LLC's argument that Samson's failure to act under 11 U.S.C. § 362(h) precluded this Court from setting aside Western Capital Partners, LLC's lien on Debtor's personal property:

> Section 362(h) only terminates the automatic stay with respect to personal

property of the estate or of the debtor securing in whole or in part a claim.  By
setting aside Debtor's guarantee, Debtor's personal property no longer secures
Western Capital Partners, LLC's claim, and as a result, Western Capital Partners,
LLC can no longer claim the stay terminated automatically under § 362(h).

The above-mentioned Order and Judgments were supported by an 81-page Memorandum of

Decision, all of which were appealed by Western Capital Partners, LLC.  The Trustee elected to

have Western Capital Partners, LLC's appeal heard by the United States District Court for the

District of Montana.  *See* 2:13-cv-00025-DLC.  That appeal remains pending before Chief Judge

Dana L. Christensen.  In a Memorandum of Decision and Order entered April 11, 2014, the Court

denied Western Capital Partners, LLC's motion to stay enforcement of the judgment.

On April 10, 2013, Western Capital Partners, LLC filed a voluntary Chapter 11

bankruptcy petition in the United States Bankruptcy Court for the District of Colorado.  *See* Case

No. 13-15760-MER.  Based upon the Court's March 18, 2013, Memorandum of Decision,

Orders and Judgment, Samson filed in Western Capital Partners, LLC's bankruptcy a proof of

claim on June 13, 2103, asserting a secured claim in the amount of $4,415,221.31.  Western

Capital Partners, LLC has not objected to Samson's proof of claim.[4]  Western Capital Partners,

LLC's Amended Plan of Reorganization filed January 6, 2014, was confirmed by order entered

May 15, 2014, as amended on June 2, 2014.  Western Capital Partners, LLC filed a motion to

modify its confirmed plan on June 6, 2014, which amendment is opposed by Samson.[5]

---

[4]  Pursuant to Western Capital Partners, LLC's Amended Plan of Reorganization,
Western Capital Partners, LLC has 180 days after the Effective Date to file and serve any
objections to claims.  The Effective Date is defined as the date thirty days after entry of the
confirmation order.

[5]  It appears that Western Capital Partners, LLC is seeking to amend its plan to clarify the
treatment of certain litigation and litigation proceeds referred to as the "Sandoval claim."  The
Sandoval claim is the subject of the litigation in related Adversary Proceeding No. 09-00105,

Samson was advised in the fall of 2013 of certain proceeds that were to be paid to Sunrise Ridge at Yellowstone Club, LLC.  Based on information provided to Samson, it appeared the funds had been held in an escrow account to assure performance of certain commitments under a prior agreement entered into by Sunrise Ridge at Yellowstone Club, LLC and CIP Sunrise Ridge Owner, LLC, in June 2006.  CIP Sunrise Ridge Owner, LLC, through counsel, requested that Samson, as the majority member of Sunrise Ridge at Yellowstone Club, LLC, investigate and, if appropriate, take possession of a portion of the funds held in escrow for the purpose of disbursement of the same to members of Sunrise Ridge at Yellowstone Club, LLC.  Samson, together with his counsel, David B. Cotner of Datsopoulos, MacDonald & Lind, P.C., investigated the issues related to the disbursement of funds on behalf of Sunrise Ridge at Yellowstone Club, LLC and concluded, to the best of their knowledge and belief, that Sunrise Ridge at Yellowstone Club, LLC has no creditors.

On January 21, 2014, proceeds from the escrow account in the sum of $18,965.49 were wire transferred and deposited into the Datsopoulos, MacDonald & Lind, P.C. trust account.  Samson now requests an Order from this Court authorizing disbursements from the

---

involving Debtor's contract rights under a letter agreement.  Samson claims the letter agreement is repudiated.  Repudiation of the letter agreement would render any interest Western Capital Partners, LLC may have therein worthless, and would allow Samson to settle the estate's tort claims for $1.25 million.  This Court previously concluded that the letter agreement, and all its terms and instruments were repudiated, invalid and unenforceable, and approved a settlement of the estate's tort claims for $1.25 million.  On August 9, 2012, the United States Bankruptcy Appellate Panel of the Ninth Circuit remanded that judgment, concluding Western Capital Partners, LLC was denied procedural due process.  Resolution of the issues in Adversary Proceeding No. 09-00105 were eventually stayed as a result of Western Capital Partners, LLC's bankruptcy filing.  Pursuant to this Court's ruling in Adversary Proceeding No. 10-00094, Western Capital Partners, LLC no longer has an interest in the letter agreement.  However, this Court's ruling in Adversary Proceeding No. 10-00094 is, as discussed earlier, on appeal and not yet final.

Datsopoulos, MacDonald & Lind, P.C. trust account of the sums set forth on page 1 of this Memorandum of Decision.  Western Capital Partners, LLC opposes Samson's proposed distribution arguing "the estate lost any and all of its interest in Edra Blixseth's 82% membership interest in Sunrise Ridge by operation of 11 U.S.C. § 362(h) as a result of Western Capital Partners, LLC's perfected security interest in all of Edra Blixseth's personal property."

DISCUSSION

Western Capital Partners, LLC maintains that this Court has not voided Western Capital Partners, LLC's perfected security interest against Debtor, that this Court only avoided certain transfers that occurred on August 24, 2010, that under no circumstance could this Court's Judgment of March 18, 2013, undo the undisputed impact of 11 U.S.C. § 362(h), and that Western Capital Partners, LLC still maintains a security interest in Debtor's personal property. Western Capital Partners, LLC's reading of the Court's March 18, 2013, Judgment completely ignores the supporting Memorandum of Decision.  In that Memorandum of Decision, the Court found on page 61 that "Samson has demonstrated his right to set aside Debtor's [June 15, 2007] guarantee of the Western Capital Partners, LLC loan under § 548."  Adversary Proceeding No. 10-00094, docket 133.  The Court continued on pages 65 and 66 that "[b]y setting aside Debtor's guarantee, Debtor's personal property no longer secures Western Capital Partners, LLC's claim, and as a result, Western Capital Partners, LLC can no longer claim the stay terminated automatically under § 362(h)."  *Id.*  The Court is not persuaded by Western Capital Partners, LLC's arguments, which are directly at odds with this Court's ruling, as set forth in the Memorandum of Decision entered March 18, 2013.

Further discussion of Western Capital Partners, LLC's argument that Samson has violated

10

the terms of the order confirming Western Capital Partners, LLC's Amended Plan of Reorganization is not necessary. That argument is meritless.

For the reasons discussed above, the Court will enter a separate order providing:

IT IS ORDERED that the Chapter 7 Trustee's Motion to Approve Disbursement of Funds filed May 15, 2014, at docket no. 1235, is granted; and Samson is authorized to disburse the funds now held in Datsopoulos, MacDonald & Lind, P.C.'s trust account as follows:

| | | |
|---|---|---|
| • Edra D. Blixseth (81.63%) | $ | 15,481.53 |
| • Yellowstone Mountain Club, LLC (11.73%) | $ | 2,224.65 |
| • Yellow Sign, Inc. (3.06%) | $ | 580.35 |
| • Prim1988 Revocable Trust (1.53%) | $ | 290.17 |
| • CB Sunrise Capital, LLC (1.02%) | $ | 193.45 |
| • Rogers Investment Partners, LP (.515%) | $ | 97.67 |
| • MJD Partners, L.P. (.515%) | $ | 97.67 |
| Total | $ | 18,965.49 |

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

11